IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
JUL 20 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

Javen Kiernan, )
    Plaintiff, )
)
v. ) 1:09cv387 (LMB/TCB)
)
P. McKinley and Layton Lester, )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Javen Kiernan, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Eighth Amendment right to reasonable medical care. By an Order dated April 28, 2009, plaintiff was directed to particularize and amend his complaint, and to complete and return an application to proceed in forma pauperis and a consent form. On May 13, 2009, plaintiff submitted a motion for appointment of counsel, a request to proceed in forma pauperis, and a consent form. On May 20, plaintiff submitted what he captioned as a "Memorandum in Support of the Order to Ammend [sic] Complaint" and a "Notice of Submission of Documents" relating to his memorandum. After reviewing plaintiff's response to the Court's April 28 Order, the instant complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).[1]

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief

## I.

Plaintiff, a former inmate at the James River Correctional Center ["JRCC"] now housed at the Coffeewood Correctional Center, alleges that defendants Nurse P. McKinley and JRCC Warden Layton Lester violated his Eighth Amendment right to reasonable medical care. In his complaint, plaintiff alleges that Dr. Percell, the institutional physician at JRCC, authorized supplements and a combination of treatments for plaintiff to manage the symptoms of his Reiter's Syndrome, a form of reactive arthritis. Compl. 4. Plaintiff further alleges that defendant Nurse McKinley "disapproved" of the treatment "against [Virginia Department of Corrections] procedure and policy." Compl. 4. However, official responses to plaintiff's inmate grievance forms and grievance appeals, submitted by plaintiff in support of his complaint, noted that the treatment referenced by plaintiff was not ordered by the institutional physician. See Compl. Attach. 1. Rather, as plaintiff's own statement on an inmate grievance form explains, the treatment was "recommended by" his rheumatologist at the Medical College of Virginia. Compl. Attach. 1, "Regular Grievance" dated Nov. 12, 2008; see also Compl. Attach. 1, "Outpatient A.D. Williams Clinic Case Record" dated May 27, 2008; Compl. Attach. 1 "Outpatient A.D. Williams Clinic Case Record" dated Sept. 23, 2008. The institutional physician, according to the Health Services Director's response to plaintiff's grievance appeal, was responsible for plaintiff's care and had not indicated that plaintiff was to receive alternative treatments or supplements. See Compl. Attach. 1, "Inmate Grievance Response Form, Level II" dated Dec. 1, 2008.

After reviewing plaintiff's complaint and the accompanying attachments, the Court

---

        can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such
        relief.

2

determined that plaintiff had failed to state an Eighth Amendment claim of a denial of his right to reasonable medical care. However, because of his pro se status, plaintiff was given an opportunity to particularize and amend his complaint. In his Memorandum filed in response to the Court's Order, plaintiff appears to change the relevant facts. Rather than indicating that the institutional physician ordered his treatment, plaintiff states only that "an order" was given to Nurse McKinley on May 27, 2008, and that after reading it McKinley stated, "This will never happen." Mem. in Supp. 1 (unnumbered page). Plaintiff then alleges that on September 23, "Nurse McKinley was given another order from the doctors which was subsequently ignored also." Mem. in Supp. 3 (unnumbered page). He asserts that his Reiter's Syndrome causes "constant pain" in his hip that has prevented him from eating, causes pain in his leg, and at times makes breathing and walking difficult. Mem. in Supp. 1-2 (unnumbered pages). Although not alleged in his complaint, in his Memorandum plaintiff states that he has been "deprived of all medications." Mem. in Supp. 2 (unnumbered page). He adds that the Warden of JRCC, Layton Lester, "was made aware numerous times" of plaintiff's "plight through word of mouth, request procedure, and grievance procedures." Mem. in Supp. 3 (unnumbered page). According to plaintiff, "there was pure negligence shown" in his case and "the medical staff at James River was purely incompetent." Mem. in Supp. 4 (unnumbered page).

## II.

Pursuant to 28 U.S.C. § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d

641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and construed in plaintiff's favor. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). However, although the complaint "does not need detailed factual allegations," the facts alleged must be sufficient to raise plaintiff's claim above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see id. at 570 (determining that where a complaint did not allege facts sufficient to nudge the claims "across the line from conceivable to plausible," the complaint must be dismissed). Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Moreover, where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III.

Plaintiff's sole claim is that his right to reasonable medical care under the Eighth Amendment was violated by Nurse McKinley and Warden Lester. To support a claim of a denial of reasonable medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Thus, plaintiff must first demonstrate a sufficiently serious medical need. See, e.g., Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious); Murphy v. Walker, 51 F.3d 714, 720 (7th Cir. 1995) (holding that a broken hand is a serious injury, and that permanent harm could result without proper evaluation and

4

treatment). A serious medical need is one that poses a substantial risk of serious injury to an inmate's health and safety. Young v. City of Mt. Ranier, 238 F.3d 567, 576 (4th Cir. 2001).

Second, a plaintiff must show deliberate indifference to that serious medical need, which may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05. Treatment by a health care provider constitutes deliberate indifference only where it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. See Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier, 896 F.2d at 851. A defendant must act with either actual intent or reckless disregard, meaning that the defendant disregarded "a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Miltier, 896 F.2d at 851-52. Additionally, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

Plaintiff alleges that he suffers from Reiter's Syndrome, which is a form of reactive arthritis, that he is being "wrongfully placed in imminent danger" without the "proper" medical care, and that his syndrome could cause death if untreated. Mem. in Supp. 2 (unnumbered page). However, he presents no facts to support such statements. Instead, plaintiff's allegations demonstrate only that he had some trouble breathing once due to the inflammation in his ribs, that "on several occasions"

he was "forced to forego meals due to constant pain" in his hip, and that sometimes he needs assistance with walking. Mem. in Supp. 1-2 (unnumbered pages). Giving plaintiff the benefit of the doubt, those facts will be deemed to establish a serious medical need as required to state an Eighth Amendment claim.

However, plaintiff is unable to demonstrate that Nurse McKinley was deliberately indifferent to that medical need. As already explained to plaintiff in the Court's April 28 Order, official responses to plaintiff's inmate grievance forms and grievance appeals, as well as plaintiff's own statements in his grievance forms, acknowledge that the treatment referenced by plaintiff was not "ordered" by the institutional or any other physician, but rather was "recommended by" his rheumatologist" at the Medical College of Virginia. Compl. Attach. 1, "Regular Grievance" dated Nov. 12, 2008; see also Compl. Attach. 1, "Outpatient A.D. Williams Clinic Case Record" dated May 27, 2008 and "Outpatient A.D. Williams Clinic Case Record" dated Sept. 23, 2008. As a result, any refusal by Nurse McKinley to provide such treatment that plaintiff preferred, but which was not ordered, cannot constitute deliberate indifference.

Furthermore, although plaintiff now alleges in his Memorandum that he is receiving no medications, this directly contradicts those claims made in his original complaint and in all of the attachments he has submitted, which demonstrate only that Nurse McKinley denied one specific type of treatment that plaintiff wished to receive instead of the "other anti-inflammatory" treatments used to manage symptoms of Reiter's Syndrome. See Compl. Attach. 1, "Statement of Facts and Procedure"; Compl. Attach 1, Plaintiff's statement dated Nov. 20, 2008; Compl. Attach. 1, "Regular Grievance" dated Nov. 12, 2008 (containing plaintiff's handwritten statement that he wants "the treatment recommended by my rheumatologist at my last visit and in May"). This statement also

conflicts with the documents submitted in conjunction with plaintiff's Memorandum, which again refer only to the specific supplement treatment that he referenced in his original complaint. Thus, it appears that plaintiff's statement does not mean that he is receiving no treatment whatsoever for his Reiter's, but rather that he is receiving none of the many supplements recommended by the rheumatologist.[2] Although plaintiff may have preferred to receive the supplements recommended by the rheumatologist, his disagreement over the course of treatment received does not make out a cause of action. As a result, plaintiff has failed to state a claim against Nurse McKinley for a violation of his right to reasonable medical care.

Finally, a warden is not liable under § 1983 simply because he supervises individuals at the correctional institution who may have violated plaintiff's rights. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) (explaining that "vicarious liability is inapplicable to . . . § 1983 suits"). As a result, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Here, the complaint fails to allege that Warden Lester took any specific actions which violated plaintiff's constitutional rights. Moreover, after being granted the opportunity to amend his complaint, plaintiff states only that Lester "was made aware numerous times" of plaintiff's "plight through word of mouth, request procedure, and grievance procedures," and that Lester took no action to "rectify the situation." Mem. in Supp. 3-4 (unnumbered pages). Although plaintiff asserts that Lester was "aware" of plaintiff's "plight," as explained above this "plight" was not so significant as to warrant constitutional protection, therefore

---

[2] Moreover, to the extent that plaintiff is attempting to claim that Nurse McKinley, or any other medical personnel, denied him all treatment, such a claim has not been properly exhausted. Plaintiff's grievances dealt only with his preference to be given supplements not on the Department of Corrections' formulary to treat his Reiter's symptoms; they did not claim an outright refusal to treat plaintiff.

Lester's inaction also could not amount to a violation of plaintiff's rights. As plaintiff has not alleged facts sufficient to demonstrate that Lester personally violated plaintiff's rights, the complaint also has failed to state a claim against Warden Lester. Therefore, the instant complaint must be dismissed for failure to state a claim pursuant to § 1915A(b)(1).

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(g),[3] this dismissal may affect plaintiff's ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's request to proceed in forma pauperis (Docket # 5) be and is DENIED AS MOOT; and it is further

ORDERED that plaintiff's Motion for Counsel (Docket # 4) be and is DENIED AS MOOT.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short

---

[3] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to enter judgment in favor of defendants pursuant to Fed. R. Civ. P. 58, and send of copy of this Memorandum Opinion and Order to plaintiff.

Entered this 20th day of July 2009.

Alexandria, Virginia

/s/
Leonie M. Brinkema
**United States District Judge**